**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Rasmussen, | No. CV-23-01808-PHX-SMM (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Dream Helpers LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge John Z. Boyle. (Doc. 3). On January 29, 2025, the Magistrate Judge filed a Report and Recommendation with this Court.[1] (Doc. 26). The Magistrate Judge has recommended that Plaintiff's Motion for Award of Attorney Fees, (Doc. 24), be granted. To date, no objections have been filed.

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation as to the attorney fees and costs sought by Plaintiff. However, the Court declines to adopt the Report and Recommendation insofar as it recommends that the Court award to Plaintiff $3,308.55 in anticipated collections costs.

Plaintiff seeks an award of $3,515.05 in anticipated fees and costs associated with collecting of the judgment entered against Defendants. (Doc. 24 at 16). Plaintiff states that Plaintiff's counsel has generally engaged the services of an outside law firm to assist with collections efforts and pays the outside law firm a $650 retainer and a 25% contingency fee on all amounts recovered. Plaintiff has provided a Representation Agreement with Parker Law Firm, P.L.C. in support of Plaintiff's request. (Id.)

This Court has reached divergent conclusions on the question of whether to award anticipated costs associated with collection efforts due to the uncertainty of whether such costs would actually be incurred or be reasonable. Compare Romero v. Synergy Restoration LLC, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *5 (D. Ariz. Feb.

14, 2025) (declining to award $5,981.73 in anticipated collection costs because "[u]ntil Plaintiff has actually incurred collections costs, this Court cannot be certain that it will award a reasonable amount, as it is required to do by statute."), Romero v. Steel Roots, LLC, No. 23-01033-PHX-ROS, 2024 WL 2389353, at *4 (D. Ariz. May 23, 2024) (declining to award $6,506.22 in anticipated collection efforts because such fees and costs "are not ripe to recover before Plaintiff incurs them."), Ubinger v. Urban Housekeeping LLC, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *4 (D. Ariz. June 18, 2024) (declining to award $4,074.79 in collection costs), and Ramirez v. Unique Transitional Homes Staffing LLC, No. CV-23-01882-PHX-DCG, 2024 WL 3345205, at *2 (D. Ariz. July 8, 2024) (declining to award $25,821.90 in collection costs because costs too speculative), with Alvarez v. Talaveras Renovations LLC, No. CV-23-02654-PHX-DWL, 2024 WL 1195462, at *2 (D. Ariz. Mar. 20, 2024) (awarding Plaintiff $3,080.99 in anticipated collection costs because Plaintiff adequately supported the award with documentation).

While the Court appreciates that the sort of collections costs that Plaintiff requests have been previously awarded in this district, see Alvarez, 2024 WL 1195462, at *2, the Court will deny the requested collections costs at this time. Plaintiff asks the Court to award anticipated collections costs in the form of a significant percentage-of-recovery fee. By contrast, Plaintiff's counsel's own attorney fees are evaluated using the lodestar method, which dictates that a reasonable fee award consists of a reasonably hourly rate multiplied by the number of hours reasonably expended on a case. See Kelly v. Wrangler, 822 F.3d 1085, 1099 (9th Cir. 2016). Although Plaintiff has provided documentation to support that Plaintiff will actually incur the anticipated collections costs—thereby alleviating concerns that such costs are too speculative—there is simply no way to evaluate, at this time, whether such costs are reasonable. As the Court observed in Romero, it is impossible to know what extent and manner of collection efforts will be necessary before such efforts take place. See 2024 WL 2389353, at *2. Summarily

awarding costs in the thousands of dollars for what could amount to a perfunctory collection effort does not fall within the realm of reasonable costs.

The Court thus denies plaintiff's request for anticipated collections costs; however, this Order does not prevent Plaintiff from seeking an award of collection costs actually incurred in the future. See Ramirez, 2024 WL 334205, at *2 ("Plaintiff is free to seek incurred collection costs or additional attorneys' fees in the future."). Should Plaintiff make a future request for collections costs and fees, Plaintiff must show the reasonableness of the incurred costs and fees.

## CONCLUSION

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting as modified** the Report and Recommendation of the Magistrate Judge. (Doc. 26).

**IT IS FURTHER ORDERED granting in-part** Plaintiff's Motion for Award of Attorneys' Fees. (Doc. 24). Plaintiff is awarded $5,760.00 in attorney fees and $874.20 in out-of-pocket costs, for which Defendants are jointly and severally liable.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly.

Dated this 21st day of February, 2025.

Stephen M. McNamee
Senior United States District Judge